UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 1:18-CR-366 (KBJ)** |
| | : | |
| **JUAN CARLOS COLON-FELIX** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF
## PRETRIAL DETENTION AND FOR EXCLUSION OF TIME

The United States respectfully submits this Memorandum in support of its motion for pretrial detention pursuant to 18 U.S. C. § 3142(f)(2)(A) and § 4241(a-b) and for exclusion of time pursuant to 18 U.S. C. § 3161(h)(1)(A).

### Procedural History

On December 7, 2018, at approximately 4:45 p.m., the defendant crossed a cordoned off area of the White House complex on Pennsylvania Avenue, Northwest. During this time, members of the United States Secret Service ("USSS") had cordoned off a section of Pennsylvania Avenue for a protective movement of a USSS protectee. The closure of Pennsylvania Avenue was from Fifteenth Street to Seventeenth Street, Northwest. The area was cordoned off using yellow police tape stating, "police line do not cross" along the north sidewalk and officers in full uniform marked with "Secret Service." Pedestrians were free to walk in Lafayette Park and up to Pennsylvania Avenue, but were required to remain on the north sidewalk of Pennsylvania Avenue.

While USSS was engaged in this protective movement, the defendant proceeded to ignore the clearly visible yellow police tape marked "police line do not cross." The defendant went under the police tape and began walking towards USSS officers. A uniformed USSS officer asked the

defendant what he was doing. The defendant continued to walk towards the officer and did not stop. As he walked, the defendant kept repeating the words "I'm sorry." A USSS officer then commanded the defendant to stop and place his hands behind his back. The defendant complied with instructions and did not resist as officers arrested him in the middle of Pennsylvania Avenue.

The defendant stated that "God told me to come," and went on to make several other nonsensical statements, and often failed to complete his sentences. The defendant told officers that he drove to the White House from Pennsylvania and left his vehicle running and unattended. The vehicle, a gold Hyundai Elantra with Pennsylvania tags, was located in the 1600 block of H Street Northwest. When officers located the car on H Street, the engine was still running. The defendant did not appear to be under the influence of alcohol and no drug paraphernalia was recovered from the defendant. However, inside of the Hyundai, officers located a grinder and glass pipe.

While officers were transporting the defendant, he made several other statements, including "so if I were to kill the President . . . ", "If I get to talk to him . . . " and "He belongs in Alcatraz." Frequently, the defendant did not complete his thoughts or sentences.

On Saturday, December 8, 2018, the defendant appeared before a Judge sitting in the Superior Court of the District of Columbia, who held the defendant and transferred the defendant to this Court pursuant to a two-count Information charging the defendant with violations of Title 18, United States Code, Sections 1752(a)(1) (Entering or remaining in a restricted area or grounds) and 3056(d) (Obstructing, resisting, or interfering with a United States Secret Service protective function). The Superior Court Judge declined to rule on the government's request for a forensic mental health screening and referred that matter to this Court.

On Monday, December 10, 2018, the defendant made his initial appearance before this Court. During his initial appearance, the defendant responded to the Court's questions, but also

made several spontaneous statements that appeared to be unrelated to the proceedings. During the proceedings, as the Court was addressing him, the defendant repeatedly looked intently under counsel's table, spun around in the chair he was sitting in, and stared at the ceiling. The Pretrial Services Agency Report (ECF No. 4) stated that the defendant self-reported "Dementia." The report did not identify any connections between the defendant and the District of Columbia and found (at pg. 2) that "[n]o conditions or combination of conditions can reasonably assure the defendant's appearance or safety to the community."

Pursuant to the government's request, this Court held the defendant for three business days pursuant to Title 18, United States Code, Section 3142(f)(2)(A). At the government's request, this Court also ordered a forensic screening of the defendant to be performed by the Department of Behavioral Health ("DBH"). Because DBH could not complete its examination and report within three business days, on the government's motion this Court found good cause to continue the detention hearing until December 17, 2018.

The government contacted the Lancaster County Pennsylvania Office of the District Attorney, which handled the defendant's January 20, 2017, misdemeanor guilty plea to possession of drug paraphernalia. The Office of the District Attorney did not have any mental health records regarding the defendant, and reported that they had no record of the defendant's failure to appear in that matter, but that the defendant had failed to pay his court fines and costs. According to the duty attorney, the failure to pay fines and costs was referred to the Circuit Court for action.

The government is also aware of an additional arrest of the defendant. On or about January 16, 2017, four days before the defendant's guilty plea noted above, the defendant was arrested and charged with Arrest Prior to Requisition in violation of Pennsylvania Criminal Code § 42-9134.[1]

---

[1] This statute provides:

According to Philadelphia Police Detective who processed the defendant arrest (Case no. 17-25-004149), the defendant was arrested for an outstanding warrant for a failure to appear and was transferred to Lancaster County, Pennsylvania.

During the government's conversation with the Philadelphia Police Department, the detective discovered that the defendant's girlfriend filed a missing person report regarding the defendant on December 10, 2018. According to the report, the defendant suffers from depression and bipolar disorder.

### **Argument**

The Court should defer ruling on the government's request for detention until after a competency evaluation, a competency hearing, and any necessary period of competency treatment. "[I]f there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings and against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent." *United States v. Moser*, 541 F. Supp. 2d 1235, 1237 (W.D. Okla. 2008). But see, "[T]he need for scrutinizing a defendant's

---

Whenever any person within this Commonwealth shall be charged on the oath of any credible person before any judge or issuing authority of this Commonwealth with the commission of any crime in any other state, and, except in cases arising under section 9127 (relating to extradition of persons not present in demanding state at time of commission of crime) with having fled from justice or with having been convicted of a crime in that state and having escaped from confinement or having broken the terms of his bail, probation or parole, or whenever complaint shall have been made before any judge or issuing authority in this Commonwealth, setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state and that the accused has been charged in such state with the commission of the crime, and, except in cases arising under section 9127, has fled from justice or with having been convicted of a crime in that state and having escaped from confinement or having broken the terms of his bail, probation or parole and is believed to be in this Commonwealth, the judge or issuing authority shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein wherever he may be found in this Commonwealth and to bring him before the same or any other judge or issuing authority who or which may be available in, or convenient of, access to the place where the arrest may be made to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.

42 Pa. Stat. and Cons. Stat. Ann. § 9134 (West)

understanding of the proceedings at initial phases appears to be somewhat lesser than during trial." *United States v. Crawford*, 738 F.Supp. 564, 565 (D.D.C. 1990).  Where there are concerns about a defendant's competency to understand the proceedings, it is also difficult to assess in any meaningful way the defendant's risk of flight.

If the Court is inclined to rule on detention at the hearing on December 17, 2018, the Court should find that no condition or combination of conditions would reasonably assure the defendant's appearance at this time.  The defendant appears to have a prior failure to appear in a judicial proceeding, has no ties to the District of Columbia, and traveled from Pennsylvania to the White house because he believes God to him to do so.  As such, the Court cannot trust that the defendant will comply with release conditions and return to Court for future hearings.

The government further requests that the Court make Speedy Trial Act findings with respect to this case.  The 70-day trial clock began to run on December 10, 2018, with the defendant's first appearance before this Court. 18 U.S.C. § 3161(c)(1).  Pursuant to 18 U.S.C. § 3161 (h)(1)(A), this Court should exclude  time from December 10, 2018, through the conclusion of any proceedings to determine the defendant's mental competency.[2]

---

[2] The pendency of the government's motion for detention provides an alternative basis for excluding time.  18 U.S.C.§ 3161(h)(1)(D).

**Conclusion**

For the foregoing reasons, the government requests that the Court stay consideration of the government's request for detention pending the results of the forensic examination and that this Court exclude time under the Speedy Trial Act.

                                            Respectfully submitted,

                                            JESSIE K. LIU
                                            United States Attorney
                                            D.C. Bar No. 472845

By:      /s/

                                            JOHN CUMMINGS
                                            Assistant United States Attorney
                                            Bar No. 986573
                                            555 Fourth Street, N.W., Room 11-824D
                                            Washington, DC  20530
                                            John.cummings@usdoj.gov
                                            (202) 252-7271